### CITY OF UVALDE v. SPIER.

(Circuit Court of Appeals, Fifth Circuit. January 17, 1899.)

#### No. 740.

1. MUNICIPAL BONDS—EFFECT OF DISSOLUTION AND REINCORPORATION OF CITY.

After a city, incorporated under the general laws of Texas, had issued certain negotiable bonds, quo warranto proceedings were instituted by the state, and the corporation was held invalid, and dissolved, as including territory not authorized by statute. Thereafter the city reincorporated, leaving out such territory. Held, that the validity of the bonds as an obligation of the city was not affected by the judgment of dissolution, nor the reincorporation with less territory.

2. SAME—RIGHTS OF PURCHASER—NOTICE OF ILLEGALITY.

The purchaser of municipal bonds, which recite that they are issued under a statutory provision, cited, and an ordinance passed in conformity

thereto, a copy of which is printed on the back of the bonds, if such statute and ordinance are sufficient to authorize the issuance of the bonds, is not chargeable with notice of collateral facts, such as the disposition made of the bonds by the city, which might render them invalid in the hands of one having actual knowledge of such facts.

In Error to the Circuit Court of the United States for the Western District of Texas.

This was an action by Robert W. Spier against the city of Uvalde, Tex., on interest coupons from bonds issued by the city.

The following findings of fact and conclusions of law were made by Judge MAXEY in the circuit court:

### Findings of Fact.

The following facts were proved upon the trial of this cause:

(1) That on the 29th day of June, 1888, petition was duly filed by the requisite number of citizens, with the proper authority, for the purposes of submitting the question of whether the town of Uvalde should be incorporated. That thereupon said election was ordered, and resulted in a majority vote for the incorporation of said town, and that judgment was duly entered by the county judge of Uvalde county, as required by the statutes of Texas, declaring said town incorporated. That thereafter an election was ordered held, by the proper authority, by the qualified electors residing in the territory embraced in said corporation, for the election of municipal officers for said corporation, and said election was duly held, and municipal officers duly elected. That thereafter, to wit, on the 5th day of July, 1889, the city council of said city of Uvalde, by ordinance duly enacted, adopted title 17, chapters 1 to 10, of the Revised Statutes of Texas, and amendments thereto, as the charter of the city of Uvalde, in lieu of the first incorporation. All of which will fully appear by copies of said proceedings embodied in plaintiff's petition or attached thereto as exhibits.

(2) That thereafter, to wit, on the 7th day of February, 1891, the city council of said city of Uvalde duly and legally passed an ordinance authorizing the issuance of certain waterworks bonds, in the sum of $10,000, and of the denomination of $1,000 each, and 10 in number, which ordinance was duly and legally published. That, in accordance with said ordinance, the said 10 bonds of said city of Uvalde were issued, in the form set out in plaintiff's petition, together with the coupons attached thereto, and in the form set out in plaintiff's petition; a copy of said ordinance being printed on the reverse side of each bond. That said ordinance is as follows, to wit:

#### "Waterworks Bonds.

#### "An Ordinance.

"An ordinance providing for the issuance of ten thousand ($10,000) dollars of bonds, to be known and styled as 'Waterworks Bonds of the City of Uvalde, Texas,' and levying a tax and otherwise providing a fund for the payment of said bonds, principal and interest.

"Section 1. Be it ordained by the city council of the city of Uvalde, Texas, that there shall be, and is hereby, ordered issued ten thousand dollars ($10,000) in city of Uvalde coupon bonds, of the denomination of one thousand ($1,000) dollars each, and which shall be known and styled on their face 'Uvalde Waterworks Bonds,' and the proceeds of the sale of said bonds shall be used to induce and procure the erection of a system of waterworks in the town of Uvalde, and said bonds shall bear date February 7, 1891, and shall bear interest from February 7, 1891, at the rate of six (6) per cent. per annum, and shall mature fifty years from date.

"Sec. 2. The interest on said bonds shall be payable upon presentation of the matured coupons at the Hanover National Bank of New York, in the city of New York, semiannually, on the 10th day of January, and 10th day of July in each year, first payment of interest to be payable July 10th, 1891.

"Sec. 3. The bonds shall specify for what purpose they are issued, and the fund set apart for their payment.

"Sec. 4. The bonds shall in all particulars conform to city charter requirements.

"Sec. 5. There shall be, and is hereby, levied an annual tax of twenty-five cents on the one hundred dollars, or as much as may be necessary for a sinking fund, on all valuation in real and personal property in the city of Uvalde not exempt by law, for paying the aforesaid interest and creating a sinking fund for the payment of said bonds at maturity. Said tax is hereby levied for the year 1891, and every year hereafter, until said bonds, principal and interest, are paid. Said tax to be collected as other taxes: Provided, however, that, should the tax so levied not be sufficient to pay said interest and create said sinking fund in any year, there shall be levied such additional tax as will be sufficient to pay the interest and provide for the sinking fund.

"Sec. 6. The interest and sinking fund so provided to be collected shall not be diverted nor drawn upon for any other purpose: Provided, however, that said sinking fund may, as it accumulates, be invested in bonds of the United States, the state of Texas, or counties in said state, as the city council may direct.

"Sec. 7. The city treasurer shall make semiannual reports as to the condition of the said special fund.

"Sec. 8. There shall be created and set aside an annual sinking fund of two (2) per cent. on the amount of bonds issued for the redemption of said bonds at maturity.

"Sec. 9. These bonds are to be issued under the authority of articles 420 to 424, chapter 4, Revised Statutes of Texas, and of city ordinance in conformity thereto, passed this, the 7th day of February, A. D. 1891.

"Sec. 10. This ordinance shall take effect from and after passage and legal publication.                                    William Davis, Mayor City of Uvalde.

"Attest:

"L. N. Stratton, City Secretary."

That said bonds are as follows, differing only in numbers, and being numbered from 1 to 10, inclusive, to wit:

"United States of America—ss.

"State of Texas.

"No. 1.            Uvalde Waterworks Bonds.            $1,000.00.

"Know all men by these presents, that the city of Uvalde, in the county of Uvalde, state of Texas, for value received, hereby promises to pay to bearer, on the 7th day of February, 1941, one thousand dollars ($1,000), in gold coin of the United States of America, with interest thereon at the rate of six per cent. per annum from the 7th day of February, 1891, payable semiannually, on the 10th day of January and July of each year, upon presentation and surrender of the coupons hereto attached as they may fall due. The principal and interest of this bond payable at the Hanover National Bank of New York, in the city of New York. This bond is one of a series of ten bonds of like tenor and date, of the denomination of one thousand dollars ($1,000) each, issued by said city of Uvalde, under authority of arts. 420 to 424, chapter 4, Revised Statutes of Texas, and of the city ordinance in conformity hereto, passed Feb. 7th, 1891, and printed on the reverse side hereof, to which reference is made, and is issued for the purpose of securing the erection of a system of waterworks in the city of Uvalde.

"In witness whereof the said city, by its council, has caused this bond to be signed by the mayor of the city, and attested by the city secretary, with the city seal attached, this 7th day of February, A. D. 1891.

"[Seal.]                                        William Davis, Mayor.

"Attest:

"Lee N. Stratton, City Secretary."

That at the time of the issuance of said bonds the taxable value of the property in the city of Uvalde, for the year 1891, amounted to $619,026. That the taxable value of the property in the city of Uvalde, for the year 1890, amounted to the sum of $422,203. That on said 7th day of February, 1891, all of said bonds and coupons were delivered to the Uvalde Water-Supply

& Power Company, under the contract between said city of Uvalde and said company, set up in defendant's answer, and the ordinance of said city of Uvalde, set up in said answer. That on the 14th day of September, 1891, said bonds and all unmatured coupons were sold to E. D. Shepard & Co. in the usual course of trade, for value, and that said E. D. Shepard & Co. purchased same in good faith, without any knowledge of any alleged illegality in the issuance of said bonds, or any alleged illegality in the incorporation of said city of Uvalde; and same were delivered to the said E. D. Shepard & Co. with all the unmatured coupons thereto attached. That thereafter the coupons herein sued upon were acquired by plaintiff herein from the said E. D. Shepard & Co., or their assignee, and plaintiff is now the owner and holder of the coupons sued upon.

(3) That in the territory so embraced as the city of Uvalde there was, in addition to the territory actually embraced within the said city of Uvalde as it existed unincorporated, a large amount of rural territory, to wit: The territory actually covered by the town or city of Uvalde being one square mile of land, and the territory within the corporate limits fixed by said acts of incorporation covering thirty-six square miles, including the square mile actually covered by said town or city.

(4) That on the 26th day of August, 1891, a quo warranto proceeding was brought by the county attorney of Uvalde county, in the district court in and for said county, in the name of the state of Texas, on the relation of divers citizens, against the city of Uvalde, to dissolve said corporation, on the ground that there was embraced within the limits of said corporation more territory than was actually covered by the incorporated village, town, or city of Uvalde, as will fully appear by the copy of petition or information in said proceeding attached to plaintiff's petition; and that said quo warranto proceeding was prosecuted to judgment, and on the 22d day of March, 1892, judgment was therein rendered, as set out in the plaintiff's petition dissolving the said incorporation known as the said "City of Uvalde," and declaring the same was void.

(5) That the only parties defendant to said proceedings were the said city of Uvalde and its municipal officers, named in plaintiff's petition filed therein.

(6) That thereafter, on or about the 20th day of April, 1892, petition was duly made to the county judge of Uvalde county, by the requisite number of citizens of the said city of Uvalde, for an election, for the purpose of determining the will of the people in regard to the incorporation of said city, and is fully shown by a copy of said petition set out in plaintiff's petition. That on or about the 20th day of April, 1892, said election was duly ordered, as is shown by the order of said county judge, set out in plaintiff's said petition; and that at said election it was decided, by a majority vote, that said city should be incorporated, as will fully appear by the copies of the proceedings and the judgment of said county judge, in plaintiff's petition set out. That thereafter, on or about the 16th day of May, 1892, an election was duly ordered for the election of municipal officers of said city by said county judge, and due notice given thereof, and said election duly held, and officers duly elected, as will fully appear by the copies of the proceedings set out in plaintiff's petition.

(7) That the coupons sued upon, principal and interest, now amount to the sum of $4,678.05, in United States gold coin.

(8) That at the time of the issuance and sale of said bonds the said city of Uvalde owed no other bonded debt than that represented by said bonds.

(9) That on the 7th day of February, 1891, the said city of Uvalde, by ordinance duly enacted, entered into a certain contract with the Uvalde Water-Supply & Power Company, providing, substantially, that whereas, the city council of the city of Uvalde deemed it necessary to provide for a more efficient protection of the property and taxpayers of the said city from fire, and to secure to the citizens of said city a supply of water suitable for domestic purposes, and for further benefits to the city of Uvalde afterwards mentioned in said contract, said city gave and granted to the Uvalde Water-Supply & Power Company, their associates and assigns, the rights and privilege for 25 years from the date of said ordinance of supplying the city of Uvalde and the citizens thereof with water for domestic use and for the extinguishment

of fires, and authorized said Uvalde Water-Supply & Power Company to establish and maintain a system of waterworks in said city, and containing various stipulations with reference to the obligations of the respective parties to said contract; the city agreeing to take water for public purposes from said water-supply and power company, and to pay therefor $50 per annum per hydrant for 20 hydrants and $50 per annum for every additional hydrant required by the city under the provisions of said contract, and the city agreeing to make an annual appropriation sufficient to pay for the rental of said hydrants, said hydrants to be used exclusively for the certain public purposes named in contract, and it being further provided that the city should have the right to the use of water free of charge, if it paid all hydrant rentals promptly, for certain other public purposes named in said contract. The contract further fixed the maximum water rates not to exceed that of cities of the same size and inhabitants similarly located in Texas, to be agreed upon between the city council and the said water-supply and power company. The contract contains the following stipulation, also, to wit:

"The city of Uvalde shall have the right at its option to acquire by purchase and become the owner of said works, including all grounds, machinery, mains, pipes, buildings, franchises, and property thereto appertaining, at the expiration of five years from the date of the acceptance of the works, or at any time thereafter, upon giving one (1) year's notice of such intention, upon paying therefor to the owners thereof the commercial value of such property, to be ascertained by appraisement as follows, viz.: The said city shall select one competent person, and the owners of the waterworks another, and the two so selected shall select a third person, or, in case they cannot agree upon said third person, a third person shall be appointed by the district judge of the judicial district, in which Uvalde county is located, of Texas; and the three (3) men so determined upon shall appraise the value of said property at its then cash value, which appraisement shall be binding upon the said Uvalde Water-Supply Company, their associates and assigns, as to the value thereof, but shall not be binding upon the city, unless said appraisement shall be ratified by the city council. And the city shall have the right to become the owner of said works and property at the appraised value when said appraisement shall be ratified by the city council. In case the city shall not purchase and become the owner of the said works and property as aforesaid, at the expiration of twenty-five (25) years, then all the rights, franchises, and privileges in this contract granted to said Uvalde Water-Supply & Power Company, their associates and assigns, party of the first part herein, shall be extended to said parties for a further period of twenty-five (25) years thereafter, subject to the right of said city to purchase as aforesaid, and subject to all duties, liabilities, obligations, and penalties herein provided: Provided, however, that if, at the time of the said purchase by the city, said works and franchises shall be incumbered by mortgages or otherwise, the city shall assume and pay such liabilities as part of the appraised value as aforesaid, made and ascertained, not to exceed appraised value."

It was further stipulated that the hydrant rentals to be paid by the city should, under certain conditions named in the contract, be applied to the payment of interest on any outstanding bonds of said water-supply and power company then or thereafter to be issued. It was further stipulated that the city of Uvalde should make all ordinances necessary to secure the said water-supply and power company and its successors in the rights and privileges granted in said contract, so long as the same might be of force; and said contract further provided for the exemption of said water-supply and power company from city taxation for the period of 25 years, or until such time as the city might purchase the plant under the terms of the contract. It was further stipulated that the cost of the waterworks, when completed, would be $35,000. It was further stipulated that the city should issue $10,000 in 6 per cent. bonds, and pay same to the water-supply and power company during the construction of the work, same to be placed to the credit of the city for fire-hydrant rental, and the said water-supply and power company to pay the interest on the bonds delivered to it; the said Uvalde Water-Supply & Power Company to execute a bond in the sum of $15,000, to be approved, by the city council, conditioned that they should begin the work of construct-

ing the plant within 30 days, and complete same on or before the 1st day of September, 1891, and also conditioned that the said water-supply and power company should pay the interest on said $10,000 in bonds until such time as the principal should have been all consumed by the city for fire-hydrant rentals, and containing other conditions not necessary to mention.

(10) The copies of all instruments and proceedings herein referred to as contained in plaintiff's petition, or as exhibits thereto, are made part of these findings.

### Conclusions of Law.

(1) The plaintiff is shown by the proof to be a bona fide purchaser, for value, without notice, of the bonds, and coupons attached thereto, upon which suit is brought, and should therefore recover.

(2) The right of plaintiff to recover upon the coupons involved in the suit is neither defeated nor impaired by the judgment of the state district court dissolving the original incorporation of Uvalde and the subsequent reincorporation of the city. Shapleigh v. City of San Angelo, 167 U. S. 646, 17 Sup. Ct. 957.

(3) Judgment should be rendered for plaintiff against the defendant for the sum of $4,678.05, with legal interest thereon from the 10th day of May, 1898, and it is so ordered.

John H. Clark and R. L. Ball, for plaintiff in error.

Thos. H. Franklin, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and PARLANGE, District Judge.

PER CURIAM. In this case a jury was waived by stipulation in writing, and the cause was submitted to and tried by the court. A special finding of facts and conclusions of law were entered, and to the effect that the plaintiff below, defendant in error here, was an innocent purchaser for value and without notice, either in fact or in law, of any irregularity attending the issuance or disposition of the bonds in question. On the facts as found, we agree with the trial judge, and his judgment is affirmed.